IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:24-cr-438-ECM |
| | ) [WO] |
| ORLANDO MOZZELL POWELL | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Orlando Mozzell Powell's motion to continue trial and related deadlines (doc. 39) filed on March 12, 2025. Jury selection and trial are presently set on the term of court commencing on April 14, 2025. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(1) and (h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D), and delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant argues that a continuance is warranted because the Defendant's motion to suppress (doc. 26) remains pending. Defense counsel asserts that once the Magistrate Judge enters a Recommendation on the motion, the parties will have an opportunity to object, and this Court will need time to review the record before ruling on the motion. Defense counsel further represents that he needs additional time to prepare for trial. The Government does not oppose a continuance. The Court finds that the time period from the filing of the motion to suppress through the prompt disposition of that motion is excluded from the seventy-day speedy trial period. *See* 18 U.S.C. § 3161(h)(1)(D). Additionally, after careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 39) is GRANTED, and jury selection and trial are CONTINUED from April 14, 2025, to the criminal term of court set to commence on

**August 11, 2025 at 10:00 a.m.** in **Montgomery**, Alabama.  All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the August trial term.

DONE this 12th day of March, 2025.

                                              /s/ Emily C. Marks           
                                         EMILY C. MARKS
                                         CHIEF UNITED STATES DISTRICT JUDGE