IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:24-cr-438-ECM |
| | ) [WO] |
| ORLANDO MOZZELL POWELL | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Orlando Mozzell Powell ("Powell") is charged in a four-count indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute dipentylone in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On January 3, 2025, Powell filed a motion to suppress all evidence obtained as a result of a January 24, 2024 search of his vehicle, and the fruits thereof; and to suppress all evidence obtained as a result of a January 25, 2024 search of his home, and the fruits thereof. (Doc. 26).

At the evidentiary hearing on the motion to suppress, the Magistrate Judge heard testimony from Officers Donovan Boone ("Boone") and Keith Pendley ("Pendley"). After the evidentiary hearing, the Magistrate Judge found that the vehicle search was supported by probable cause and thus did not violate the Fourth Amendment; and that the subsequent search of the home, which was based on the findings of the vehicle search, also did not violate the Fourth Amendment; thus, the Magistrate Judge recommended that the Court deny the motion to suppress. (Doc. 42). On March 25, 2025, Powell filed objections

to the Magistrate Judge's Recommendation. (Doc. 43). Upon an independent and *de novo* review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons that follow, the Court concludes that Powell's objections are due to be overruled, the Magistrate Judge's Recommendation is due to be adopted, and the motion to suppress is due to be denied.

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). "[A]lthough *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record." *Id.* (citation omitted). If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court has conducted a complete and careful review of the record in this case, including the transcript of the suppression hearing. It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which Powell objects. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge provided a thorough recitation of the relevant facts in her Recommendation. Consequently, a summary of the facts related to the motion to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact.

The Magistrate Judge found Boone's and Pendley's respective testimony "credible and unimpeached." (Doc. 42 at 8). As relevant here, the Magistrate Judge found credible the officers' testimony that they smelled marijuana coming from Powell and his vehicle. The Magistrate Judge further found that the smell of marijuana supplied probable cause for the officers to search Powell's vehicle. Powell's objections relate in part to the Magistrate Judge's credibility determinations. He contends that if the reason for the vehicle search was the smell of marijuana, the officers would have questioned Powell about it before searching the vehicle and "would have taken more time with him before going to search the vehicle." (Doc. 43 at 3). Powell also argues that if the officers were able to smell marijuana from where they were standing, "then there would have been some evidence of burnt marijuana in the vehicle and more than 3.7 grams of fresh marijuana located." (*Id.*).

This Court "defer[s] to the magistrate judge's [credibility] determinations unless [her] understanding of the facts appears to be 'unbelievable.'" *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted); *see also United States v. Figueroa*, 419 F. App'x 973, 978 (11th Cir. 2011) (per curiam).[1] The Court has

---

[1] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court acknowledges that these cases are nonprecedential, the Court finds them persuasive.

reviewed the transcript from the suppression hearing, the Magistrate Judge's Recommendation, and Powell's objections. The Court concludes that the Magistrate Judge's conclusion that Boone and Pendley were credible is supported by the record and not unbelievable; Powell's objections are insufficient to undermine the Magistrate Judge's credibility findings. Powell's objections are therefore due to be overruled.

Powell also objects to the Recommendation on the grounds that "[t]he smell of marijuana [was] a pretext to get around the Fourth Amendment." (Doc. 43 at 3). Addressing a similar argument in her Recommendation (*see* doc. 42 at 9), the Magistrate Judge correctly pointed out that an officer's motive in conducting a traffic stop or searching a vehicle "does not invalidate what is otherwise 'objectively justifiable behavior under the Fourth Amendment.'" *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (quoting *Whren v. United States*, 517 U.S. 806, 812 (1996)); *see also United States v. Williams*, 731 F. App'x 863, 867 (11th Cir. 2018) (per curiam) ("It is irrelevant if an inventory search occurred as a pretext for gathering evidence where the police officers already had probable cause that justified the search." (citing *Whren*, 517 U.S. at 811–12)). The Court thus concludes that Powell's objection is due to be overruled.

After carefully reviewing the record in this case, the Court finds that the Magistrate Judge's credibility determinations and her factual findings support her legal conclusion that, on this record, the search of Powell's vehicle—and the subsequent search of Powell's home—did not violate the Fourth Amendment. While Powell's objections reflect a disagreement with the Recommendation, Powell fails to establish that the Magistrate Judge

4

committed any error. Consequently, Powell's objections are due to be overruled.

## CONCLUSION

For the reasons stated, it is

ORDERED as follows:

1. Powell's objections (doc. 43) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 42) is ADOPTED; and

3. Powell's motion to suppress (doc. 26) is DENIED.

DONE this 11th day of April, 2025.

                                          /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE